# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

DAVID SHERBROOKE,

        Plaintiff,


v.                                              **MEMORANDUM OF LAW & ORDER**
                                                Civil File No. 05-671 (MJD/RLE)


CITY OF PELICAN RAPIDS,
a Minnesota municipal
corporation; SCOTT FOX,
individually and in his
capacity as Police Chief;
SCOTT SACHS, individually
and in his capacity as a
Police Officer; and TED
LEABO, individually and in
his capacity as a Police Officer;

        Defendants.

_____

Dyanna L. Street, Kristine Kroenke, and Kyle E. Hart, Fabyanske Westra Hart & Thomson, P.A., Counsel for Plaintiff.

Jason M. Hiveley and Jon K. Iverson, Iverson Reuvers, LLC, Counsel for Defendants.

_____

## I.   INTRODUCTION

This matter is before the Court on Defendants' Motion for Summary Judgment Consistent with Eighth Circuit Opinion.  [Docket No. 76]  The Court heard oral argument on June 6, 2008.

## II.   BACKGROUND

### A.   Factual Background

The factual background to this case is fully set forth in the Court's November 7, 2006 Order and in the Eighth Circuit opinion, Sherbrooke v. City of Pelican Rapids, 513 F.3d 809 (8th Cir. 2008).

### B.   Procedural Background

On April 1, 2005, Plaintiff David Sherbrooke filed a Complaint against the City of Pelican Rapids (the "City"), the City's police chief, Scott Fox, City police officer, Scott Sachs, and City police officer, Ted Leabo, in this Court. Sherbrooke's Complaint alleges eight claims against the City and the Individual Defendants: Count One: Violation of 42 U.S.C. § 1983, Count Two: Conspiracy in Violation of 42 U.S.C. § 1985, Count Three: False Arrest, Count Four: Malicious Prosecution, Count Five: Negligent Infliction of Emotional Distress, Count Six: Violation of Minn. Stat. § 481.10, Count Seven: Common Law Conspiracy, and

Count Eight: Vicarious Liability.  Sherbrooke voluntarily withdrew Counts Two and Five.

On May 31, 2006, Sherbrooke filed a Motion for Partial Summary Judgment as to Counts One and Six.  On June 1, 2006, Defendants filed a Motion for Summary Judgment on all claims.

On November 7, 2006, the Court filed an Order granting in part and denying in part each motion.  The Court dismissed Counts Two through Eight. With regard to Count One, the Order stated:

1.      Plaintiff's Motion for Partial Summary Judgment [Docket No. 24] and Defendants' Motion for Summary Judgment [Docket No. 41] are **DENIED IN PART** and **GRANTED IN PART** as follows:

    a.      Count I: violation of 42 U.S.C. § 1983:

        i.      Remains as to the issue of whether there was probable cause to stop Plaintiff and as to the issue of whether the City is liable for constitutional violations under Section 1983 because the unconstitutional actions of the individual officers reflected a City policy of deliberate indifference to constitutional violations.

        ii.     Plaintiff's Summary Judgment Motion is **GRANTED** as to the issue of whether Defendants violated his Fourth Amendment rights by recording his conversation with his attorney.  The issue of damages remains to be determined at trial.

       iii.    Defendants' Summary Judgment Motion is **GRANTED**
as to the issues of whether Plaintiff's Fifth Amendment,
and Fourteenth Amendment rights were violated.

Defendants appealed the Court's denial of their request for complete summary judgment based on qualified immunity.  On January 17, 2008, the Eighth Circuit Court of Appeals issued its opinion reversing this Court.  See generally Sherbrooke v. City of Pelican Rapids, 513 F.3d 809 (8th Cir. 2008).  The Eighth Circuit held "that Officer Sachs had probable cause to stop Sherbrooke for improper use of flashing lights.  Accordingly, Sachs did not violate Sherbrooke's constitutional rights under the Fourth Amendment, and Sachs's motion for summary judgment on this point should have been granted."  Id. at 815.  The Eighth Circuit further held that "Sherbrooke had no reasonable expectation of privacy in what he said during [the call to his attorney]."  Id.  Therefore, "there was no search within the meaning of the Fourth Amendment."  Id. (citations omitted).  Finally, as to the City, the appellate court held that "[b]ecause the police officers did not violate Sherbrooke's constitutional rights under the Fourth Amendment, there can be no municipal liability under the Fourth Amendment for an unconstitutional policy.  Accordingly, the City is also entitled to summary judgment on that claim."  Id. at 816 (citation omitted).

On March 19, 2008, the Eighth Circuit issued its mandate.  Defendants now seek the entry of summary judgment in accordance with the Eighth Circuit's opinion.  Plaintiff opposes that motion.

## III.   DISCUSSION

### A.   Introduction

Defendants request that, in accordance with the Eighth Circuit's Opinion, the Court grant Defendants' Motion for Summary Judgment in its entirety, deny Plaintiff's Motion for Partial Summary Judgment in its entirety, and dismiss Plaintiff's case in its entirety with prejudice, with costs and disbursements taxed against Plaintiff.

As recited above, in the Court's November 7 Order, it dismissed all counts except for Count One.  Therefore, the only claim that survived this Court's Order was Count One.  The Court denied summary judgment on Count One, leaving that claim for trial, to the extent that the § 1983 claim was based on individual officers' violations of the Fourth Amendment for unreasonably seizing Sherbrooke by stopping his vehicle and to the extent that it was based on the claim that the City was liable for constitutional violations based on its policy of deliberate indifference.  The discussion in the Order clarifies that the claim

5

against the City survived **only** as to whether there was a custom or failure to train with regard to "recording detainees' private conversations with attorneys." (Nov. 7, 2006 Order at 29.)  The Court specifically dismissed "claims of the City's deliberate indifference to other alleged constitutional violations . . . because Plaintiff has not raised genuine issues of fact as to those claims."  (Id.)  The Court granted summary judgment on Count One for Sherbrooke to the extent that Count One was based on his claim that his Fourth Amendment rights were violated when he was recorded speaking with his attorney.  Finally, the Court granted summary judgment for Defendants on Count One based on Plaintiff's Fifth and Fourteenth Amendment claims.

Sherbrooke admits that, based on the Eighth Circuit's opinion, Defendants are entitled to summary judgment on his claims that they violated his Fourth Amendment rights with regard to the traffic stop and with regard to their recording of his telephone conversation with his attorney.  However, he asserts that neither this Court, nor the Eighth Circuit, addressed certain portions of Count One, so those unaddressed claims remain, and he also requests that the Court reconsider portions of its November 7, 2006 Order.

**B.** **Whether this Court and the Eighth Circuit Have Addressed the**

6

### Entirety of Count One

### 1.    Sherbrooke's Allegedly Remaining Claim

Sherbrooke argues that the Eighth Circuit opinion only decided two limited issues: whether Defendants had probable cause to stop Sherbrooke and whether they violated his Fourth Amendment rights by recording his telephone conversation with is attorney.  He further claims that this Court, in its previous Order, let Count One remain on bases other than the stop and recording.

Sherbrooke claims that Count One alleged § 1983 violations based on various other facts, such as the mis-administration of the three intoxication tests, the erasure of the videotape, and the improper blood test.  He submits no new evidence, but relies on evidence and arguments previously submitted to the Court.

As previously explained, in its November 7, 2006 Order, the Court dismissed Count One except to the extent that it was based on allegations of an improper stop and the recording of the attorney-client conversation.  No other portions of Count One survived.  The Eighth Circuit reversed this Court's holding on both the improper stop and the recording issues.  Therefore, no aspect of Count One remains.

### 2.      Claim Against the City

Sherbrooke asserts that his claims against the City under Count One

survived this Court's November 7, 2006 Order because the Court stated that

Count One "[r]emains . . . as to the issue of whether the City is liable for

constitutional violations under Section 1983 because the unconstitutional actions

of the individual officers reflected a City policy of deliberate indifference to

constitutional violations."  Sherbrooke argues that, on appeal, the Eighth Circuit

only decided the issue of qualified immunity for the stop and the recording of

Sherbrooke's conversation with his attorney.  Therefore, he concludes, this Court

did not dismiss his § 1983 claim to the extent that he alleged that the City is liable

for constitutional violations under § 1983 because the unconstitutional actions of

the individual officers reflected a City policy of deliberate indifference to other

constitutional violations, such as falsifying the breathalyzer test, falsely charging

him with DWI, interfering with his right to obtain an independent blood alcohol

test, engaging in contests, and altering the videotape.

Claims of City liability based on actions other than the taping of detainee-

attorney conversations were raised by the parties during the briefing and

argument on the original cross motions for summary judgment and were

8

explicitly rejected by this Court on page twenty-nine of its Order.

In the body of the Court's November 7, 2006 Order, it made clear that it was dismissing all claims against the City except the claim based on a custom or failure to train with regard to recording detainees' conversations with their attorneys.  That specific claim was then rejected by the Eighth Circuit.  There is no claim against the City that remains viable after this Court's November 7, 2006 Order and the Eighth Circuit opinion.

### 3.    Malicious Prosecution

Sherbrooke also argues that the Court's Order only dismissed the Fourteenth Amendment due process claim to the extent that it related to the validity of the traffic stop.  He asserts that the claim survives to the extent that it is based on allegations of malicious prosecution.

The Court does not agree.  First, as previously explained, only claims related to the stop and the recording of the attorney-client conversation survived the November 7, 2006 Order.  Second, although the Court did not explicitly discuss whether Defendants' alleged actions constituted a violation of the Fourteenth Amendment based on malicious prosecution, it did hold that the arrest and prosecution were lawful.  In its original Order, in discussing

Sherbrooke's state law malicious prosecution claim, this Court held that

> there was probable cause to arrest Sherbrooke for violations of
> Minnesota law.  The facts are undisputed that Sherbrooke failed the
> Intoxilyzer test.  It is also undisputed that a loaded pistol was found
> in Sherbrooke's truck.  Although Sherbrooke disputes whether Sachs
> had probable cause to pull him over and whether Sachs
> administered the Intoxilyzer test properly, the issue is whether
> Defendants had probable cause to charge Sherbrooke with violations
> of the relevant state statutes.  Undoubtedly, they did.

(Nov. 7, 2006 Order at 33.)

### 4.    False Imprisonment Claim

Sherbrooke also asserts that Defendants violated his Fourth Amendment

rights when they falsely imprisoned him by improperly elevating his blood

alcohol reading in order to falsely arrest him.  First, as previously explained, only

claims related to the stop and the recording of the attorney-client conversation

survived the November 7, 2006 Order.  Second, the Court's previous holding that

Defendants were entitled to summary judgment on his state law false arrest claim

because they had probable cause to arrest Sherbrooke precludes this Fourth

Amendment allegation.  (Nov. 7, 2006 Order at 31-32.)

### 5.    Conclusion

The Court rejects Sherbrooke's contention that any claims remain after the

Eighth Circuit's opinion.  This Court explicitly considered and rejected all § 1983

claims against Defendants with the exception of the stop and the recording of

detainee-attorney conversations, and those exceptions were reversed by the

Eighth Circuit.

### C.    Request for Reconsideration

Plaintiff requests that the Court reconsider its dismissal of Count Four,

Malicious Prosecution, and Count Seven, Common Law Conspiracy.  He also

requests that the Court reconsider its decision dismissing Count One based on

violation of the Fourteenth Amendment.

#### 1.    Standard

The Local Rules provide that a motion to reconsider can only be filed with

the Court's "express permission," and then, only "upon a showing of compelling

circumstances."  L.R. 7.1(g).  Requests "shall be made by letter to the Court of no

more than two pages in length."  Id.

"The Federal Rules of Civil Procedure do not mention motions for

reconsideration.  However, [the Eighth Circuit has] determined that motions for

reconsideration are nothing more than Rule 60(b) motions when directed at

non-final orders."  Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006)

(footnote and citations omitted).  The Court's decision will be reviewed for abuse

of discretion.  Id. at 984-85.

> Motions for reconsideration serve a limited function: to correct
> manifest errors of law or fact or to present newly discovered
> evidence.  Such motions cannot in any case be employed as a vehicle
> to introduce new evidence that could have been adduced during
> pendency of the summary judgment motion.  The nonmovant has an
> affirmative duty to come forward to meet a properly supported
> motion for summary judgment. . . .  Nor should a motion for
> reconsideration serve as the occasion to tender new legal theories for
> the first time.

Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (citation

omitted).

### 2.    Discussion

The Court will treat Plaintiff's arguments in his opposition as the

equivalent of a letter request to file a motion for reconsideration as required

under the Local Rules.  That request is denied.

In the Court's November 7, 2006 Order, it utilized the same, correct legal

standards for the claims at issue as asserted by Sherbrooke in his request for

reconsideration.  Sherbrooke offers no new evidence to support his claims.  The

Court fully considered Sherbrooke's evidence, applied to correct law, and

concluded that his claims failed.  The Court has reviewed its November 7, 2006,

12

Order and concludes that it contains no errors of law or fact.

**D.     Conclusion**

The scholarly opinion of Judge Beam should rule, but it does not.

Hopefully, some day, the Eighth Circuit will see the light.  Until then, this Court

is bound by the opinion of its superior court.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1.     Defendants' Motion for Summary Judgment Consistent with Eighth
       Circuit Opinion [Docket No. 76] is **GRANTED**.

2.     Plaintiff's Complaint is **DISMISSED** in its entirety and **WITH
       PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  June 21, 2008                        s / Michael J. Davis
                                             Judge Michael J. Davis
                                             United States District Court